IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>TRANSPORTATION CONSULTANTS, INC )<br>d/b/a TCI TRUCKING; LOUIS JACKSON; )<br>FICTITIOUS PARTIES "1-11". )<br>)<br>*Defendants* ) | Civil Action No. 1:21cv238 HSO-JCG |

## NOTICE OF REMOVAL

TAKE NOTICE that, under the authority of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Transportation Consultants, Inc. d/b/a TCI Trucking ("TCI") and Louis Jackson (collectively "Defendants") file this Notice of Removal of Civil Action No. 21-CV-94-AM, styled *Manual Hernandez v. Transportation Consultants, Inc., d/b/a TCI Trucking*, from the Circuit Court of Pearl River County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division. In support of this Notice, Defendants state the following:

1. This personal injury suit arises out of a motor vehicle accident which occurred on Interstate 59 North in Pearl River County, Mississippi. Plaintiff filed a Complaint on June 29, 2021 alleging generally that TCI and its employee, Louis Jackson, are both liable for the damages he sustained from said motor vehicle accident. Plaintiff seeks compensatory, general, incidental, consequential, and punitive damages. *See generally*, Complaint, Ex. 1.

2. Defendants now seek to remove the civil action based on diversity jurisdiction from the

Circuit Court of Pearl River County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division, pursuant to 28 U.S.C. § 1441(b)(1). Diversity jurisdiction is present if (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) there is diversity of citizenship between the Plaintiff and Defendants. *See* 28 U.S.C § 1441(b)(1).

3. The amount in controversy requirement is satisfied. Although Plaintiff does not allege a specific amount of damages in his Complaint, Plaintiff does claim injuries that include "lost wages, lost future wages, medical expenses, medical procedures, surgery and physical pain and mental anguish." *See* Complaint, Ex. 1, ¶ 7. Plaintiff further makes unspecified claims for punitive damages for the "willful misconduct, malice, oppression, wantonness and an entire want of care raising the presumption of a conscious indifference to the consequences" on the part of Defendants. Id. at ¶ 19. Plaintiff's "unspecified claim for punitive damages brings the amount in controversy over the requisite jurisdictional threshold set forth in 28 U.S.C. § 1332." *See e.g., Ross v. First Family Financial Services, Inc.*, 2003 WL 31059582 (N.D. Miss. Aug. 29, 2002) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 84-5 (5th Cir. 1993)); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F.Supp.2d 423, 428-29 (N.D. Miss.1998); *Marley v. Capital One Services, Inc.*, Civil Action No. 2:02CV87-P-A (N.D. Miss. 2002).

4. Complete diversity is also satisfied. As alleged in his Complaint, Plaintiff is a resident of Birmingham, Alabama. *See* Complaint, Ex. 1, ¶ 1. Defendant Transportation Consultants, Inc. d/b/a TCI Trucking is a Louisiana Corporation with its principal place of business in Louisiana. Id. at ¶ 2. Defendant Louis Jackson is a resident of Louisiana. Id. at ¶ 3. Considering no plaintiff or defendant share the same domicile, the diversity requirement is satisfied.

5. Defendants' Notice of Removal is also timely. Removal is timely if the Notice of Removal

is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b). Plaintiff filed his Complaint on June 29, 2021 and TCI was served with process on July 8, 2021.

6. For these reasons, this Court has jurisdiction under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. §§ 1441 and 1446. Additionally, venue is proper in the United States District Court for the Southern District of Mississippi, Southern Division, because this is the district in which a substantial part of the events or omissions giving rise to the claim occurred and it is where Plaintiff chose to file his state court action.

7. Defendants will, after filing this Notice of Removal, give notice to all parties and the Circuit Clerk of Pearl River County, Mississippi, by filing a copy of this Notice of Removal with the Clerk.

8. Finally, under the provisions of 28 U.S.C. § 1446(a) and L.U. Civ. R. 5(a), a copy of the entire record from the Circuit Court of Pearl River County, Mississippi will be provided within fourteen days of this Notice.

Dated: July 13, 2021.

Respectfully Submitted,

**TRANSPORTATION CONSULTANTS, INC.**
**d/b/a TCI TRUCKING and LOUIS JACKSON**

By: _____
R. Jarrad Garner (MSB# 99584)
Ray A. Young, Jr. (MSB# 105851)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Office: (601) 353-3234
Fax:    (601) 355-9708
jarrad.garner@arlaw.com
ray.young@arlaw.com

### CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendants, do hereby certify that I have, this day, filed the foregoing document with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record. I further certify that I have caused to be served via electronic mail a copy of the same on counsel for Plaintiff.

Dated: July 13, 2021.

_____
R. Jarrad Garner