## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

**MANUEL HERNANDEZ**                                     )
                                                        )
    *Plaintiff,*                     )
                                                        )
**vs.**                                                 ) Civil Action No.: 21-CV-94-Am
                                                        )
**TRANSPORTATION CONSULTANTS, INC**                     )
**d/b/a TCI TRUCKING; LOUIS JACKSON;**                  )
**FICTITIOUS PARTIES "1-11";**                          )
                                                        )
    *Defendants.*                    )

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Transportation Consultants, Inc. d/b/a TCI Trucking
      %Cogency Global, Inc., Registered Agent
      9800 Airline Highway, Suite 105
      Baton Rouge, LA 70816

**NOTICE TO DEFENDANT**

THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Erik S.
Heninger,** the attorney for the Plaintiff, who post office address is **Post Office Box 11310,
Birmingham, AL 35202** and whose street address is **2224 First Avenue North, Birmingham,
AL 35203.** Your response must be mailed or delivered within (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint.

You must also file the **original** of your response with the Clerk of this Court within a reasonable
time afterward to Nance Fitzpatrick Stokes, Pearl River County Circuit Clerk, Post Office Box
530, Poplarville, MS 39470-0530.

6/29/2021

Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk

By: Violine Jordan, DC

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.

This ___15___ day of _____ 20 _21_ .

Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk

By: _____
Deputy Clerk

**IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI**

MANUEL HERNANDEZ                                  )
                                                  )
    *Plaintiff,*                           )
                                                  )
vs.                                               ) Civil Action No.: 21-CV-94-Am
                                                  )
TRANSPORTATION CONSULTANTS, INC                   )
d/b/a TCI TRUCKING; LOUIS JACKSON;                )
FICTITIOUS PARTIES "1-11";                        )
                                                  )
    *Defendants.*                          )

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

TO:    Mr. Louis Jackson
        24 Morrison Court
        New Orleans, LA 70127

**NOTICE TO DEFENDANT**

THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Erik S.
Heninger**, the attorney for the Plaintiff, who post office address is **Post Office Box 11310,
Birmingham, AL 35202** and whose street address is **2224 First Avenue North, Birmingham,
AL 35203**. Your response must be mailed or delivered within (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for
the money or other things demanded in the Complaint.

You must also file the <u>**original**</u> of your response with the Clerk of this Court within a reasonable
time afterward to Nance Fitzpatrick Stokes, Pearl River County Circuit Clerk, Post Office Box
530, Poplarville, MS 39470-0530.

6/29/20

**Nance Fitzpatrick Stokes**
Pearl River County Circuit Clerk

by: Virline Jordan, DC

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.

This _____ 15 _____ day of _____ 2021

Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk

By: _____
Deputy Clerk

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| | | |
|---|---|---|
| **Court Identification Docket #** | **Case Year** | **Docket Number** |
| County # / Judicial District / Court ID (CH, CI, CO) | 2021 | 0094 |
| | | AM |
| | | **Local Docket ID** |

Court Identification Docket #: 55 CI1

Month: 06  Date: 29  Year: 21

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

This area to be completed by clerk | Case Number if filed prior to 1/1/94

In the **CIRCUIT** ☑  Court of **PEARL RIVER** ☑ County — | Judicial District

**Origin of Suit (Place an "X" in one box only)**

| | | | | |
|---|---|---|---|---|
| ☒ Initial Filing | ☐ Reinstated | ☐ Foreign Judgment Enrolled | ☐ Transfer from Other court | ☐ Other |
| ☐ Remanded | ☐ Reopened | ☐ Joining Suit/Action | ☐ Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Hernandez** (Last Name)   **Manuel** (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff **3412 Seneca Avenue, Irondale, AL 35210**

Attorney (Name & Address) **Erik S. Heninger**   MS Bar No. **100951**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual **Jackson** (Last Name)   **Louis** (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____   MS Bar No. _____

___ Check ( x ) If child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Minor Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other _____ | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other _____ | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other _____ |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other _____ | **Torts** |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other _____ | ☐ Guardianship | ☐ Installment Contract | ☐ Intentional Tort |
| **Appeals** | ☐ Joint Conservatorship & Guardianship | ☐ Insurance | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Heirship | ☐ Specific Performance | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Intestate Estate | ☐ Other _____ | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Minor's Settlement | **Statutes/Rules** | ☐ Mass Tort |
| ☐ Justice Court | ☐ Muniment of Title | ☐ Bond Validation | ☐ Negligence - General |
| ☐ MS Dept Employment Security | ☐ Name Change | ☐ Civil Forfeiture | ☒ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Testate Estate | ☐ Declaratory Judgment | ☐ Premises Liability |
| ☐ Other _____ | ☐ Will Contest | ☐ Injunction or Restraining Order | ☐ Product Liability |
| | ☐ Alcohol/Drug Commitment (voluntary) | ☐ Other _____ | ☐ Subrogation |
| | | | ☐ Wrongful Death |
| | | | ☐ Other _____ |

(Alcohol/Drug Commitment (voluntary) — Business/Commercial column top; Other — Business/Commercial column)

Case: 55CI1:21-cv-00094-AM     Document #: 2     Filed: 06/29/2021     Page 2 of 2

IN THE CIRCUIT   ☑ COURT OF PEARL RIVER   ☑ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____   _____     Docket No. If Filed
       File Yr      Chronological No.    Clerk's Local ID      Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: _____ _____ ( _____ ) _____ _____
           Last Name        First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

✔ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A  Transportation Consultants, Inc. d/b/a TCI Trucking _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____     *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant #3:**

Individual: _____ _____ ( _____ ) _____ _____
           Last Name        First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____     *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant #4:**

Individual: _____ _____ ( _____ ) _____ _____
           Last Name        First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____     *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK

IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI    JUN 29 2021

| | |
|---|---|
| MANUEL HERNANDEZ | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) Civil Action No.: 21-CV-94-Am |
| | ) |
| TRANSPORTATION CONSULTANTS, INC | ) |
| d/b/a TCI TRUCKING; LOUIS JACKSON; | ) |
| FICTITIOUS PARTIES "1-11"; | ) |
| | ) |
| *Defendants.* | ) |

BY _____
DEPUTY CLERK

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with the Mississippi Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include any and all forms of individuals, partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action, the party defendants which the Plaintiff must include by descriptive characterization are as follows: FICTITIOUS DEFENDANT NO. 1: the proper legal designation for Defendant Transportation Consultants, Inc. d/b/a TCI Trucking;  FICTITIOUS DEFENDANT NO. 2: the proper legal designation for Defendant Louis Jackson; FICTITIOUS DEFENDANT NO. 3: whether singular or plural being that individual(s), entity or entities who or which owned the defendants' vehicle that is involved in the incident made the basis of this Complaint; FICTITIOUS DEFENDANT NO. 4: whether singular or plural being that individual(s), entity or entities who or which employed Louis Jackson at the time of the incident made the basis of this Complaint; FICTITIOUS DEFENDANT NO. 5: whether singular or plural being that individual(s), entity or entities whose breach of contract or warranty contributed to cause the incident made the basis of this suit; FICTITIOUS DEFENDANT NO. 6: whether singular or plural being that individual(s), entity or entities who or which were the master or principal of the driver of the defendants' vehicle involved in the incident made the basis of this suit; FICTITIOUS DEFENDANT NO. 7: whether singular or plural being that individual(s), entity or entities who or which negligently entrusted the motor vehicle(s) involved in the incident made the basis of this suit to the defendant driver thereof at the time of said incident; FICTITIOUS DEFENDANT NO. 8: whether singular or plural being that individual(s), entity or entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this suit was being operated at the time of said incident; FICTITIOUS DEFENDANT NO. 9: whether singular or plural being that individual(s), entity or entities, other than those entities described above, whose negligence or wantonness of other actionable conduct contributed to cause the incident made the basis of this suit; FICTITIOUS DEFENDANT NO. 10: whether singular or plural being that individual(s), entity or entities who or which is the successor in interest of any of those entities described above; FICTITIOUS DEFENDANT NO. 11: whether

singular or plural being that individual(s), entity or entities who or which were the predecessor
corporations of any of those entities described above.

## COMPLAINT

COME NOW Plaintiff, Manuel Hernandez, (hereinafter referred to as "Plaintiff"), in the
above-styled action, by and through undersigned counsel, and files this Complaint against
Defendants Transportation Consultants, Inc. d/b/a TCI Trucking, Louis Jackson and Fictitious
Defendants "1 through 11," whether singular or plural, individual or corporation, who are either
Mississippi corporations, foreign corporations or other entities that participated in the conduct
that led to Plaintiff's injuries, showing this Honorable Court as follows:

### Parties

1.      Plaintiff, Manuel Hernandez, is an adult resident citizen of Birmingham, Alabama.

2.      Defendant, Transportation Consultants, Inc. d/b/a TCI Trucking, is a company
located in New Orleans, Louisiana operating commercial vehicles in Pearl River County,
Mississippi.

3.      Defendant, Louis Jackson, is an adult resident citizen of New Orleans, Louisiana.

4.      Fictitious Defendants "1 through 11," whether singular or plural, individual or
corporation, who are either Mississippi corporations, foreign corporations or other entities that
participated in the conduct that led to Plaintiff's injuries.

5.      On July 2, 2019, Defendant Jackson was operating his tractor-trailer on behalf of
Transportation Consultants, Inc. d/b/a TCI Trucking travelling on Interstate 59 North in Pearl
River County, Mississippi. Defendant Jackson was driving and operating his tractor trailer in a
negligent and/or wanton manner under the known conditions of the roadway and traffic
conditions.  Under conditions of the roadway and circumstances surrounding this particular
incident, Defendant Jackson failed to avoid colliding with the vehicle in which Plaintiff, Manuel
Hernandez, was operating. Plaintiff further alleges that Defendant Jackson was negligent and/or
wanton in operating his vehicle in that he failed to keep a proper lookout for traffic ahead of his
vehicle and failed to appreciate the location and/or speed of Plaintiffs' vehicle in traffic.
Defendant Jackson's negligence and/or reckless conduct caused his tractor-trailer to strike the
rear of Plaintiff's vehicle.

6.      Plaintiff avers that defendant, Transportation Consultants, Inc. d/b/a TCI Trucking,
is liable for the negligent, wanton and/or illegal conduct of their agent, Louis Jackson, under the
theory of respondeat superior. Plaintiff further avers that Defendant, Transportation Consultants,
Inc. d/b/a TCI Trucking, is liable as a result of its negligent hiring, negligent training, negligent
retention, negligent supervision and negligent entrustment of its truck to its agent, Defendant
Jackson. Furthermore, Plaintiff avers that Defendants, named and fictitious, negligently, wantonly
and/or recklessly caused or contributed to cause the collision injuring Plaintiff.

7.     The force of the impact between Plaintiff and Defendants' vehicles caused injuries and harm to Plaintiff. These injuries include lost wages, lost future wages, medical expenses, medical procedures, surgery and physical pain and mental anguish.

8.     Defendant Jackson's negligent and/or wanton conduct includes, but is not limited to, one or more of the following: negligently and/or wantonly failing to maintain his vehicle under proper control; negligently and/or wantonly failing to keep a proper lookout; negligently and/or wantonly failing to avoid colliding with the Plaintiff's vehicle; and any other acts of negligence that may be proven at trial.

9.     Defendant Jackson failed to operate his tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

10.    At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

11.    Defendants' actions constituted negligence, wantonness and recklessness in operating their tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

12.    Defendants' actions constitute negligence, wantonness and recklessness by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

13.    Defendants, known and fictitious, were negligent and/or wanton for all other acts of negligence as may be shown at trial.

14.    Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence and wantonness of the Defendants.

15.    But for the negligence and/or wantonness of Defendants, Plaintiffs would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

16.    As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

17.    As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor, in an amount to be proven at trial.

18.    That each of the forgoing acts and omissions constitute an independent act of negligence and/or wantonness on the part of Defendants, known and fictitious, and one or more or all of the above stated acts were the proximate causes of the injuries to Plaintiff. The

Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Mississippi.

19.    The Defendants, known and fictitious, acted with willful misconduct, malice, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages, without limitation or cap, from each of the Defendants, in accordance with the enlightened conscience of an impartial jury.

20.    Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Mississippi law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against these defendants, jointly and severally, for that amount of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

ERIK S. HENINGER (100951)
Attorney for Plaintiff

*Of Counsel:*
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
Telephone: (205)326-3336
Facsimile: (205)380-8080
Email: erik@hgdlawfirm.com

## JURY DEMAND

Plaintiff hereby demands trial by struck jury on all issues raised herein.

ERIK S. HENINGER
Attorney for Plaintiff

Transportation Consultants, Inc. d/b/a TCI Trucking
c/o Cogency Global, Inc.; Registered Agent
9800 Airline Highway; Ste. 105
Baton Rouge, LA 70816

Louis Jackson
24 Morrison Court
New Orleans, LA 70127

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.

This _____ 20 _____.

Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk

By: _____
Deputy Clerk

2224 1st Avenue North
Birmingham, AL 35203

# ▉ HENINGER GARRISON DAVIS, LLC

Phone: (205) 326-3336
(800) 241-9779
Fax:    (205) 326-3332

WWW.HGDLAWFIRM.COM

June 24, 2021

Ms. Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk
Post Office Box 530
Poplarville, MS 39470-0530

*21-CV-94-Am*

RE:   Manuel Hernandez v. Transportation Consultants, Inc. d/b/a TCI Trucking
      Circuit Court of Pearl River County, Mississippi

Dear Ms. Fitzpatrick-Stokes:

Enclosed please find the Cover Sheet Civil Case Filing Form, Complaint, Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Louis Jackson, First Set of Interrogatories to Defendant Transportation Consultants, Inc., First Set of Requests for Production of Documents to Transportation Consultants, Inc. and a Summons for each Defendant. A copy of each document has been provided that will need to be stamped "filed" and returned to our office in the enclosed self-addressed, postage prepaid envelope so we may serve the Defendants in Louisiana.

You will also find enclosed a check made payable to your office in the amount of $161.00 for the cost of filing this case with the Court. Should you need anything further to facilitate the filing of this matter, please feel free to call.

Sincerely,

HENINGER GARRISON DAVIS, LLC

Erik S. Heninger

ESH:bms
Enclosure

I CERTIFY THIS ▉ ▉ ▉ ▉ ECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.
This _____ day _____ 20___
Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk
By: _____
        Deputy Clerk

FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK

JUN 29 2021

BY_____
        DEPUTY CLERK

## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

| | |
|---|---|
| **MANUEL HERNANDEZ** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **vs.** | ) Civil Action No. 21-CV-94 AM |
| | ) |
| **TRANSPORTATION CONSULTANTS, INC** | ) |
| **d/b/a TCI TRUCKING; LOUIS JACKSON;** | ) |
| **FICTITIOUS PARTIES "1-11";** | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LOUIS JACKSON

COMES NOW the Plaintiff, by and through counsel, pursuant to the MISSISSIPPI

RULES OF CIVIL PROCEDURE, and propounds the following Requests for Production to the

Defendant, as follows:

### DEFINITIONS AND INSTRUCTIONS

For the purpose of these interrogatories the term "identify", when used in respect to an individual, means to state the individual's name, address, employer, and job title, and "identify", when used in respect to an entity, means to state the entity's name and address.

"You" and "your" are defined to include the named Defendant(s) and all of its/their present or former agents or employees; all of its attorneys; and all other persons acting or purporting to act on behalf of the Defendant(s) to whom this discovery is directed.

As used in these interrogatories, the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical process or produced by hand: Agreements, communications, state and federal government hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of meetings or conferences, summaries of reports of investigations of negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and any and all other writings in the possession of the Defendant, or subject to your custody and control, whether they are in your possession or in the possession of your attorney(s) or your representative(s) or in any of your offices.

FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK

JUN 29 2021

BY _____
DEPUTY CLERK

NOTE: These interrogatories should be deemed continuing in nature, and Plaintiff requests that you update your responses periodically to reflect any information obtained after your initial responses are made. Please be advised that in any event you attempt to call witnesses or present as evidence any persons or documents which have not been properly identified by you, Counsel for the Plaintiff shall strenuously object.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.       The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document

or any other documents referred to in the requested document or incorporated by reference.

2.    **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.         (a)    **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    **"Subject Incident"** means the collision between Louis Jackson, driver for Transportation Consultants, Inc. d/b/a TCI Trucking and Plaintiff, which occurred on July 2, 2019, in Pearl River County, Mississippi.

5.    "Transportation Consultants, Inc.," or "Transportation Consultants, Inc. d/b/a TCI Trucking" means Defendant Transportation Consultants, Inc.

6.    "**You**," "**Your**," "**Louis Jackson**" means Defendant Louis Jackson.

7.    "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.    Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## **INTERROGATORIES**

1.    Please state whether this defendant has been properly designated by name as party defendant to this lawsuit. If not, please state the correct and proper designation of this defendant.

2.     State the name, address, title and duties of the person answering these interrogatories and the place where the interrogatories were answered.

3.     Please state when the alleged occurrence happened, giving the date, hour, and minute as nearly as possible.

4.     Please describe the place of the alleged occurrence.

5.     Please state the name of the owner of the vehicle that was being operated by this Defendant. If this Defendant was not the operator of the vehicle, state the name of the owner and the operator.

6.     Please describe the make, model, color, size and license plate number of the defendant's vehicle, including any trailers or attachments, being operated at the time of the incident made the basis of this Complaint.

7.     Please describe the driving conditions at the time of the incident made the basis of this Complaint.

9.     Was this driver or vehicle covered by any policy of insurance at the time of the incident made the basis of this suit? If so, please state the name of insurance company, type of insurance and limits of such policy.

10.    Did this Defendant have any conversation with any of the individuals that were involved in this collision at the scene of this incident? If so, please explain in detail the substance of any such conversations.

11.    Was this Defendant employed at the time of the incident made the basis of this Complaint? If so, please state the name of employer, position and years of employment.

12.    Please list all witnesses known to this Defendant to have any information concerning the collision made the basis of this suit by stating their names and addresses.

13.   Please state in detail the manner in which this Defendant believes the collision occurred.

14.   Please state the name(s) of any experts expected to testify during the trial of this issue and any books, treatises, periodicals, publications, or standards this expert intends to rely upon in forming those opinions.

15.   Does this Defendant contend Plaintiff was guilty of any negligence on his part which caused or contributed to the cause of the incident made the basis of Plaintiff's complaint? If so, describe the factual basis of your contention.

16.   Give the purpose and destination of this Defendant's trip on the day of the incident made the basis of Plaintiff's complaint, including, but not limited to, where you were traveling from AND where you were traveling to.

17.   List all activities, destinations, stops, and travel on the day of and up to 24 hours prior to the incident made the basis of Plaintiff's complaint.

18.   Has this Defendant's license ever been suspended or revoked? If so, please state in detail the circumstances for suspension or revocation, date of suspension or revocation and state of suspension or revocation.

19.   Has this Defendant ever been charged with a moving vehicle violation? If so, please state in detail the circumstances of the charge, date of charge, state of charge and outcome.

20.   Was this Defendant charged with violating any laws of the State of Mississippi as a result of the events surrounding the collision made the basis of this Complaint? If so, please state the crime for which this defendant was charged and the current legal posture of such criminal proceedings.

21.     Does this Defendant contend any third party was guilty of any negligence which caused or contributed to the cause of the incident made the basis of this claim, and if so, describe the factual basis for your contention.

22.     If this Defendant contends that a third party was guilty of any negligence which caused or contributed to the cause of the incident made the basis of this claim, please identify every such third party and/or provide any and all information available to you concerning this third party.

23.     Does the named Defendant maintain excess insurance coverage?  If so, please identify the name of the carrier, the policy number, and the amount of excess coverage.

24.     Do you have any information which indicates:

a. That the Plaintiff was, within 5 years immediately prior to said occurrence, confined to a hospital, treated by a physician, or x-rayed for any reason?  If so, please provide all related information including but not limited to, the name and address of any treating provider, and the approximate date(s) of any service or confinement.

b. That the Plaintiff had suffered serious personal injury prior to the date of said occurrence.  If so, state where and in general how he/she was injured and describe the injuries suffered or sustained.

c. That the Plaintiff has suffered either (a) personal injury or (b) serious illness since the date of said occurrence.  If so, state when and where he/she was injured and the injuries suffered or sustained and describe in general, the nature of the injury or illness.

25.     Please provide the number(s) and identify the service provider for each cell phone in your possession at the time of the subject incident.

## REQUESTS FOR PRODUCTION OF DOCUMENTS OR THINGS

1.     All photographs of any vehicle involved in the collision made the basis of this suit.

2.     All repair estimates, invoices, bills or documents of any nature showing any repair work to Defendant's vehicle as the result of this collision.

3.      All repair estimates, inspections, invoices or documents of any nature which show any work or repairs performed on Defendant's vehicle within two (2) years prior to the incident made the basis of this suit.

4.      All statements, whether written or oral and later transcribed made by this Defendant regarding the incident made the basis of this suit.

5.      All photographs, videos, drawings, or descriptions of the scene of the incident made the basis of this suit.

6.      All reports made to insurance companies or government agencies about the incident made the basis of this Complaint.

7.      Reports made by any expert expected to testify at trial.

8.      Reports or data compilations from any tests or experiments performed on the vehicle or the scene of the incident made the basis of this Complaint.

9.      Produce all records pertaining to other accidents or moving violations involving this defendant.

10.     Produce copies of the following documents and things:

    a.      All photographs in your possession or in the possession of your insurance carrier of the defendant's vehicle, of the Plaintiff's vehicle, and the scene of the incident made the basis of this suit;

    b.      All statement contained by you or your insurance carrier from the Plaintiffs;

    c.      All estimates or repair bills for your vehicle or the Plaintiff's vehicle;

    d.      Copy of any criminal charges, pleas, tickets, reports or documents related to the incident made the basis of this suit.

11.     All materials indicating the following:

     a.     The identification of the owner and style of the vehicle being driven by this Defendant at the time of the incident made the basis of this suit;

     b.     A list of the nature and due date of various inspection and maintenance operations to be performed on the vehicle being driven by this Defendant at the time of the incident made the basis of this suit;

     c.     A record of inspection, repairs and maintenance performed on the vehicle being driven by this Defendant at the time of the incident made the basis of this suit.

12.     A copy of any and all insurance agreements or policies and declarations page under which any person or entity carrying on an insurance business may be liable to satisfy part of all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance policy (including excess umbrella coverage) covering any defendant or the vehicle being driven by this Defendant at the time of the incident made the basis of this suit.

13.     Any document referenced in responses to Plaintiff's First Set of Interrogatories.

14.     A copy of any documents obtained by Subpoena.

15.     Reports or data compilations from any tests or experiments performed on the vehicle or the scene of the incident made the basis of this Complaint.

16.     Copies of all driving manuals, company safety requirements, policies and procedures, company regulations regarding the operation of tractor trailers on public roads.

17.     Produce all records pertaining to or referencing this defendant's driver's training and employment history.

18.     Produce all records pertaining to or referencing this defendant's application for employment, hiring, employment history, driving record, employee reprimands and complaints against this employee.

19. Produce all records pertaining to other accidents or moving violations involving this defendant.

20. Produce all driver's logs kept pursuant to 49 CFR § 395.8 for a period of ten (10) days prior to the incident made the basis of this suit.

21. Produce all files concerning Louis Jackson, including traffic violation records, notifications of accidents, annual review of the driving record, driver's application for employment, investigation about the driver's qualifications, driver's road test and written examination, driver's certificate of physical qualifications by medical examiner, and all other documents pertaining to Defendant Jackson.

21. Produce the applicable accident report form for the accident forming the basis of this suit required by 49 CFR § 394.9.

22. Produce documentation showing all communications with dispatcher and other personnel of the company on the day of the accident with this defendant.

23. Produce all documents showing the weight of the vehicle at the time of the incident made the basis of this suit.

24. Produce all gasoline tickets and receipts for Defendant Jackson and the subject vehicle for a 48 hour period prior to this accident.

25. Produce all safety related materials given to truck drivers of Transportation Consultants, Inc. d/b/a TCI Trucking, including, but not limited to safety films, safety pamphlets, safety booklets, safety memoranda, and safety course materials.

26. All safety related materials or driving instructions given to drivers of Transportation Consultants, Inc. d/b/a TCI Trucking relating to safe driving instructions or

appropriate procedures for operating a truck/vehicle on a public road, intersection and/or service road.

27.     All safety related materials or driving instructions given to drivers of Transportation Consultants, Inc. d/b/a TCI Trucking relating to safe driving instructions or appropriate procedures for inspecting the truck/vehicle properly prior to operation on public roads and highways.

28.     Daily inspection reports for the three (3) month period preceding the incident made the basis of this suit.

29.     Copies of all print-outs or data from all on-board recording devices.

30.     Copies of all downloadable data from the ECM.

31.     Copies of all post-incident drug and alcohol tests performed on Defendant Jackson.

32.     Copies of all bills of lading, weight tickets and hotel receipts for the ten (10) days preceding (and including) the day of the incident made the basis of this suit.

33.     Any document referenced in responses to plaintiffs' first set of interrogatories.

34.     Produce a copy of Defendant Jackson's drivers' license, CDL and otherwise, as it existed at the time of the incident made the basis of this suit.

Respectfully submitted:  June 24, 2021.

ERIK S. HENINGER (100951)
Attorney for Plaintiff

*Of Counsel:*
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203

Telephone: (205)326-3336
Facsimile: (205)380-8080
Email: erik@hgdlawfirm.com

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.

This ____15____ day of __July__ 20 21 .

Nance _____ Stokes

Pearl River County Circuit Clerk

By: _____

Deputy Clerk

## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

| | |
|---|---|
| **MANUEL HERNANDEZ** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **vs.** | ) Civil Action No.: 21-CV-94-Am |
| | ) |
| **TRANSPORTATION CONSULTANTS, INC** | ) |
| **d/b/a TCI TRUCKING; LOUIS JACKSON;** | ) |
| **FICTITIOUS PARTIES "1-11";** | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRANSPORTATION CONSULTANTS, INC.

COMES NOW the Plaintiff, by and through counsel, pursuant to the MISSISSIPPI

RULES OF CIVIL PROCEDURE, and propounds the following Requests for Production to the

Defendant, as follows:

### DEFINITIONS AND INSTRUCTIONS

For the purpose of these interrogatories the term "identify", when used in respect to an individual, means to state the individual's name, address, employer, and job title, and "identify", when used in respect to an entity, means to state the entity's name and address.

"You" and "your" are defined to include the named Defendant(s) and all of its/their present or former agents or employees; all of its attorneys; and all other persons acting or purporting to act on behalf of the Defendant(s) to whom this discovery is directed.

As used in these interrogatories, the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical process or produced by hand: Agreements, communications, state and federal government hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of meetings or conferences, summaries of reports of investigations of negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and any and all other writings in the possession of the Defendant, or subject to your custody and control, whether they are in your possession or in the possession of your attorney(s) or your representative(s) or in any of your offices.

FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK

JUN 29 2021

BY _____
DEPUTY CLERK

NOTE: These interrogatories should be deemed continuing in nature, and Plaintiff requests that you update your responses periodically to reflect any information obtained after your initial responses are made. Please be advised that in any event you attempt to call witnesses or present as evidence any persons or documents which have not been properly identified by you, Counsel for the Plaintiff shall strenuously object.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document

or any other documents referred to in the requested document or incorporated by reference.

2.      **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)   **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      **"Subject Incident"** means the collision between Louis Jackson, driver for Transportation Consultants, Inc. d/b/a TCI Trucking and Plaintiff, which occurred on July 2, 2019, in Pearl River County, Mississippi.

5.      **"You,"** **"Your,"** "Transportation Consultants, Inc.," or "Transportation Consultants, Inc. d/b/a TCI Trucking" means Defendant Transportation Consultants, Inc.

6. "**Louis Jackson**" means Defendant Louis Jackson.

7. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Transportation Consultants, Inc. d/b/a TCI Trucking.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Transportation Consultants, Inc. d/b/a TCI Trucking at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

<u>**DRIVER**</u>

**REQUEST NO. 5:**   All documents setting forth the relationship between Louis Jackson and Transportation Consultants, Inc. d/b/a TCI Trucking. This includes all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 6:**   The contents of Louis Jackson's driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations.   The requested documents includes all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto.   If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Louis Jackson, including without limitation any investigation of Louis Jackson's qualifications, character, driving history, training, criminal history, drug use, financial

responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Transportation Consultants, Inc. d/b/a TCI Trucking. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Louis Jackson.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Louis Jackson.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by Transportation Consultants, Inc. d/b/a TCI Trucking to Louis Jackson.

**REQUEST NO. 11:**   All documents that relate in any way to training of Louis Jackson. This includes all documents that show all training received by Louis Jackson; when, where and who provided the training and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Transportation Consultants, Inc. d/b/a TCI Trucking to Louis Jackson at any time.  An answer key should also be provided.

**REQUEST NO. 13:**   Copies of all documents (a) explaining how Louis Jackson was compensated for the one month leading up to and including the date of the Subject Incident and extending one week after the date of the Subject Incident; and (b) showing any detention of wages over the same time period.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Louis Jackson (regardless of name used) in your possession, custody and/or control.

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Louis Jackson of any law, ordinance or regulation. This includes reports of violations pursuant to Section

391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Louis Jackson in your possession, custody and/or control.

**REQUEST NO. 17:** A copy of all documents relating to any violation of any safety rule or principle by Louis Jackson at any time.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Transportation Consultants, Inc. d/b/a TCI Trucking directed to Louis Jackson for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Louis Jackson in any way relating to the safe operation of a commercial vehicle. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Louis Jackson has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Louis Jackson. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Louis Jackson was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Incident and ending 48 hours

after the Subject Incident.  This includes all devices, whether owned by Louis Jackson or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**  Copies of all documents prepared by Louis Jackson that describes the Subject Incident or the circumstances leading up to the subject incident.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Louis Jackson that has not been produced in response to the preceding Requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Louis Jackson in any way, that has not been produced in response to other Requests above.

### HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 25:**  A copy of all Louis Jackson hours of service logs and any other driving logs and/or time sheets for the period beginning 30 days before the Subject Incident and ending 7 days following the Subject Incident.

**REQUEST NO. 26:**  In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Louis Jackson was doing for the time period beginning 4 days before the Subject Incident and ending two days following the Subject Incident.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a.  All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.  All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.  All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver call-in reports and any other documentation of any communications between you and Louis Jackson.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**  A copy of all audits and summaries of Louis Jackson's hours of service covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident.

## VEHICLE INFORMATION

**REQUEST NO. 28:**  For the tractor involved in the Subject Incident, produce the following documents:

a.   Title;

b.   Registration;

c.   Operators manual;

d.   Maintenance Schedules;

e.   All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.   All documents evidencing any inspections of the tractor during the 6 months before the Subject Incident;

g.   All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Incident;

h.   All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

i.   All leases involving the vehicle;

j.   Documents evidencing the purchase of the vehicle;

k.   Documents evidencing the sale of the vehicle if it has been sold;

l.   Documents evidencing mileage and weight at time of the Subject Incident; and

m.   Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce

both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:** If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 32:** Produce copies of all e-mails between Louis Jackson and Transportation Consultants, Inc. d/b/a TCI Trucking for the time period beginning 90 days prior to the Subject Incident and present.

**REQUEST NO. 33:** Produce copies of all communications and transmissions between Louis Jackson and Transportation Consultants, Inc. that were transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning 30 days before the Subject Incident and ending seven days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

**REQUEST NO. 34:** If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please

produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:** To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 36:** A copy of each out of service report or violation concerning the tractor involved in the Subject Incident from the period beginning one year prior to the Subject Incident through present. This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST NO. 37:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 38:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt*(s)*, release*(s)*, assignment*(s)*, etc.

**REQUEST NO. 39:** For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

**REQUEST NO. 40:** Produce all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Incident for the tractor.

**LOAD**

**REQUEST NO. 41:**  All documents that relate to the load being hauled by Louis Jackson at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

### SUBJECT INCIDENT

**REQUEST NO. 42:**  A copy of every document related to any investigation done by or on behalf of Transportation Consultants, Inc. of the scene of the Subject Incident.

**REQUEST NO. 43:**  All documents authored by anyone working for or on behalf of Transportation Consultants, Inc. that set forth any facts relating to the Subject Incident.

**REQUEST NO. 44:**  All documents that explain what caused the Subject Incident.

**REQUEST NO. 45:**  All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 46:**  If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within 14 days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 47:**  Copies of all photographs, video, computer simulations, and any other documents depicting:

        a.      Any vehicle involved in the Subject Incident;

        b.      Any person involved in the Subject Incident;

        c.      The scene of the Subject Incident; and/or

        d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 48:**  Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Louis Jackson and those prepared by

anyone working for or on behalf of Transportation Consultants, Inc. (except lawyers).

**REQUEST NO. 49:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 50:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**REQUEST NO. 51:**  If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

      f.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 52:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 53:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two years.

## POLICY AND PROCEDURES

**REQUEST NO. 54:**  Copies of all Transportation Consultants, Inc. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident, relating to:

      a.      Working for or with trucking company generally (e.g., employee manual or handbook);

      b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.      Operation of a commercial vehicle;

      d.      Driving safety;

      e.      Defensive driving;

      f.      Compliance with federal and state laws and regulations;

      g.      Accident investigation;

      h.      Accident review boards;

      i.      Determination of preventability of accidents;

      j.      Hiring, training and supervising drivers; and

      k.      Disciplinary actions.

**REQUEST NO. 55:**  Copies of each document that Louis Jackson signed to prove that Louis Jackson received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Transportation Consultants, Inc.

**REQUEST NO. 56:**  To the degree that Transportation Consultants, Inc. has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Louis Jackson before the Subject Incident, please

produce them now.

**REQUEST NO. 57:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by Transportation Consultants, Inc., its personnel, agents, or employees during the year of the Subject Incident and three years prior.

**REQUEST NO. 58:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>TRUCKING COMPANY</u>

**REQUEST NO. 59:** Copy of documents showing the hierarchy of managerial positions at Transportation Consultants, Inc. and who occupied such positions as of the time of the subject incident and presently.

**REQUEST NO. 60:** A copy of each document (including articles and presentations) prepared and/or presented by any Transportation Consultants, Inc. representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five years.

**REQUEST NO. 61:** All company newsletters distributed during the time-period beginning two years before the Subject Incident and present.

**REQUEST NO. 62:** A copy of all lease and trip lease contracts applicable to Louis Jackson and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 63:** Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 64:** A copy of Transportation Consultants, Inc.'s accident register

maintained as required by 49 CFR § 390.35.

**REQUEST NO. 65:**  Transcripts or recordings of all depositions of corporate designees for Transportation Consultants, Inc. given in the past five years in cases where it was alleged that a driver working for Transportation Consultants, Inc. caused injury or death to another person.

**REQUEST NO. 66:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 67:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 68:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.    A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

    b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

    c.    A copy of the entire file of said expert;

    d.    A current résumé or curriculum vitae for said expert; and

    e.    All billing records and work logs for said expert.

**REQUEST NO. 69:**  A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 70:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial

of this case not previously supplied.

**REQUEST NO. 71:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 72:**  If any surveillance has been undertaken by or on behalf of Transportation Consultants, Inc., produce a copy of all reports, photographs, video and anything else generated through that investigation.

Respectfully submitted:  June 24, 2021.

ERIK S. HENINGER (100951)
Attorney for Plaintiff

*Of Counsel:*
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
Telephone: (205)326-3336
Facsimile: (205)380-8080
Email: erik@hgdlawfirm.com

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.
This _____.
Nance Fitzpatrick Stokes
Pearl River Co. Circuit Clerk
By: _____
Deputy Clerk

## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

| | |
|---|---|
| **MANUEL HERNANDEZ** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **vs.** | ) Civil Action No.: 21-CV-94-AM |
| | ) |
| **TRANSPORTATION CONSULTANTS, INC** | ) |
| **d/b/a TCI TRUCKING; LOUIS JACKSON;** | ) |
| **FICTITIOUS PARTIES "1-11";** | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT TRANSPORTATION CONSULTANTS, INC.

COMES NOW the Plaintiff, by and through counsel, pursuant to the MISSISSIPPI

RULES OF CIVIL PROCEDURE, and propounds the following Interrogatories to the Defendant, as

follows:

### DEFINITIONS AND INSTRUCTIONS

For the purpose of these interrogatories the term "identify", when used in respect to an individual, means to state the individual's name, address, employer, and job title, and "identify", when used in respect to an entity, means to state the entity's name and address.

"You" and "your" are defined to include the named Defendant(s) and all of its/their present or former agents or employees; all of its attorneys; and all other persons acting or purporting to act on behalf of the Defendant(s) to whom this discovery is directed.

As used in these interrogatories, the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical process or produced by hand: Agreements, communications, state and federal government hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of meetings or conferences, summaries of reports of investigations of negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and any and all other writings in the possession of the Defendant, or subject to your custody and control, whether they are in your possession or in the possession of your attorney(s) or your representative(s) or in any of your offices.

FILED
NANCE FITZPATRICK STOKES
CIRCUIT CLERK

JUN 29 2021
BY: _____
DEPUTY CLERK

NOTE: These interrogatories should be deemed continuing in nature, and Plaintiff requests that you update your responses periodically to reflect any information obtained after your initial responses are made. Please be advised that in any event you attempt to call witnesses or present as evidence any persons or documents which have not been properly identified by you, Counsel for the Plaintiff shall strenuously object.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      The term **"Document"** as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document

or any other documents referred to in the requested document or incorporated by reference.

2.      **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.          (a)     **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      **"Subject Incident"** means the collision between Louis Jackson, driver for Transportation Consultants, Inc. d/b/a TCI Trucking and Plaintiff, which occurred on July 2, 2019, in Pearl River County, Mississippi.

5.      **"You,"** **"Your,"** "Transportation Consultants, Inc.," or "Transportation Consultants, Inc. d/b/a TCI Trucking" means Defendant Transportation Consultants, Inc.

6.   "**Louis Jackson**" means Defendant Louis Jackson.

7.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

## COMPANY INFORMATION

1.

Identify the following Transportation Consultants, Inc. employees as of date of the Subject Incident and presently:  Safety Director/Chief Safety Officer; person responsible for training Defendant Patterson; person responsible for compliance of Defendant Jackson and Transportation Consultants, Inc. to applicable state and federal laws and regulations; and Supervisor of Defendant Jackson.

2.

If Transportation Consultants, Inc. performs hours of service log audits, explain what is entailed in the auditing process, identify who performs the audits (in-house or outsourced), and identify when, if ever, Defendant Jackson's logs were audited.

**<u>VEHICLE INFORMATION</u>**

3.

With respect to the <u>tractor</u> operated by Defendant Jackson at the time of the Subject Incident, identify the registered owner, mileage, and gross weight at the time of the Subject Incident; state the manufacturer, identification number, model number, and year of the ENGINE in the tractor; and identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

4.

With respect to the <u>trailer</u> operated by Defendant Jackson at the time of the Subject Incident, identify the registered owner, mileage, and gross weight at the time of the Subject Incident; state the manufacturer, make, model number, and year of manufacture of the trailer; and identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

5.

With respect to the trip that Defendant Jackson was on at the time of the Subject Incident, identify where and when (date and time) Defendant Jackson picked up the load he had at the time of the Subject Incident; identify where (name and address of location) and when (date and time) the load was to be delivered; identify the location, time, duration and reason for each stop Defendant Jackson made from the time he picked up the load until the time of the Subject Incident; and identify the route Defendant Jackson intended to follow from the point of origin to the point of destination.

6.

If the **tractor** AND/OR **trailer** involved in the Subject Incident contained or utilized <u>any</u> system or device that monitors, records and/or transmits any vehicle operation/usage data or that allows for the capture of any such data: (a) identify each system and device; (b) state whether the data for the time period surrounding the Subject Incident has been preserved and how it has been preserved; and (c) identify the person who has custody of the data and of the system from which the data was acquired. **NOTE**: The systems and devices to which this Interrogatory is addressed, include, but are not limited to: any Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or any Electronic On Board Recorder (EOBR); any collision or lane departure warning system (e.g., Eaton Vorad); any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems.

7.

If the **tractor** involved in the Subject Incident contained or utilized <u>any</u> system or device that allowed for communication between the driver and any other person or entity please identify each system and device, state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

8.

If the **tractor** AND/OR **trailer** involved in the Subject Incident contained or utilized any "black box" type device such as an Engine Control Module (ECM), Event Data Recorder (EDR), Airbag Control Module, and/or any other such device, please identify each device, state whether the data for the time period surrounding the Subject Incident has been preserved and/or downloaded, and if so, identify who performed the download and when the download was performed.

### DRIVER INFORMATION

9.

Describe in detail the relationship between Transportation Consultants, Inc. and Defendant Jackson at the time of the Subject Incident (e.g., lease operator, company driver, owner-operator, temporary driver, etc.); how Defendant Jackson was paid at the time of the Subject Incident (by hour, by load, by mile, salary, or other); and when Transportation Consultants, Inc.'s relationship with Defendant Jackson began and ended.

10.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Transportation Consultants, Inc. regarding Defendant Jackson at any time.

11.

Describe in detail all training and education (including on the job training)

provided by or on behalf of Transportation Consultants, Inc. to Defendant Jackson at any time

and in any way related to the operation of a commercial motor vehicle.

### 12.

State whether you have knowledge of any traffic violations or hours of service

violations committed by Defendant Jackson, or if he has ever been disqualified from driving

a commercial motor vehicle, either while in your employ or in previous employment. If so, state

what information you have in that regard.

### 13.

Identify and explain all communications of any kind between Defendant Jackson

and anyone acting for or on behalf of Transportation Consultants, Inc. during the twenty-

four (24) hours before and after the Subject Incident. For each communication, identify the

method of communication (cell phone, QualComm, hand-held device, other), time of

communication, persons involved, and the general subject.

### REGULATIONS AND POLICIES

### 14.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to

Defendant Jackson at the time of the Subject Incident, explain the basis for your contention

and identify all facts, witnesses, and documents that support your contention.

### 15.

Identify all Transportation Consultants, Inc. policies, procedures, rules, guidelines,

directives, manuals, handbooks, and instructions that governed the conduct of Defendant

Jackson at the time of the Subject Incident.

## <u>INVESTIGATION OF SUBJECT INCIDENT</u>

16.

Describe in detail when and how you first became aware that Defendant Jackson was involved in the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

17.

Explain your understanding of how and why the Subject Incident occurred and identify all persons who to your knowledge were present at the scene of the Subject Incident within 48 hours of the time of the Subject Incident and explain their role at the scene and what actions they took.

18.

Identify each person who has been involved in the investigation of the Subject Incident. For each person identified, describe their role and involvement in the investigation.

19.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with the investigation of the Subject Incident, the Plaintiff(s) and/or their medical care, and/or any facts or circumstances relevant to this litigation. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

20.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Defendant Jackson after the Subject Incident occurred. If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

21.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

22.

If you maintain that any non-party has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Complaint for Damages, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

23.

If you maintain Plaintiff has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

24.

If Transportation Consultants, Inc. has performed any review (e.g., accident review board) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

## **INSURANCE**

### 25.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

Respectfully submitted:  June 24, 2021.

ERIK S. HENINGER (100951)
Attorney for Plaintiff

*Of Counsel:*
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
Telephone: (205)326-3336
Facsimile: (205)380-8080
Email: erik@hgdlawfirm.com

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE.

This _____ 20 _____.

Nance Fitzpatrick Stokes
Pearl River County Circuit Clerk

By: _____
Deputy Clerk

## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

**MANUEL HERNANDEZ**                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 21-CV-94-AM**

**TRANSPORTATION CONSULTANTS, INC**
**d/b/a TCI TRUCKING; LOUIS JACKSON;**
**FICTITIOUS PARTIES "1-11".**                                    **DEFENDANTS**

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Please be advised that Defendants Transportation Consultants, Inc. d/b/a TCI Trucking and

Louis Jackson removed this matter to the United States District Court for the Southern District of

Mississippi, Southern Division, on July 13, 2021, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

A copy of the Notice of Removal (with corresponding exhibits) filed with the Clerk of Court for

the United States District Court for the Southern District of Mississippi is attached as Exhibit "1".

Accordingly, this matter has been removed from the jurisdiction of the Circuit Court of Pearl River

County, Mississippi.

Respectfully submitted, this the 13th day of July, 2021.

                                    **TRANSPORTATION CONSULTANTS, INC.**
                                    **d/b/a TCI TRUCKING and LOUIS JACKSON**

                    By:     _R. _____

                            R. Jarrad Garner (MSB# 99584)
                            Ray A. Young, Jr. (MSB# 105851)
                            Adams and Reese, LLP
                            1018 Highland Colony Parkway, Suite 800
                            Ridgeland, Mississippi 39157
                            Office: (601) 353-3234
                            Fax:    (601) 355-9708
                            jarrad.garner@arlaw.com
                            ray.young@arlaw.com

I CERTIFY THIS IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
This _____ day of _____, 20___.

                Nance Fitzpatrick Stokes
                Pearl River County Circuit Clerk

By: _____
                Deputy Clerk

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendants, do hereby certify that I have, this day, filed the foregoing document with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record. I further certify that I have caused to be served via electronic mail a copy of the same on counsel for Plaintiff.

Dated:  July 13, 2021.

R. Jarrad Garner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

MANUEL HERNANDEZ )
    *Plaintiff* )
  )
v. )   Civil Action No. ___1:21cv238 HSO-JCG___
  )
TRANSPORTATION CONSULTANTS, INC )
d/b/a TCI TRUCKING; LOUIS JACKSON; )
FICTITIOUS PARTIES "1-11". )
  )
    *Defendants* )

---

### NOTICE OF REMOVAL

---

TAKE NOTICE that, under the authority of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Transportation Consultants, Inc. d/b/a TCI Trucking ("TCI") and Louis Jackson (collectively "Defendants") file this Notice of Removal of Civil Action No. 21-CV-94-AM, styled *Manual Hernandez v. Transportation Consultants, Inc., d/b/a TCI Trucking*, from the Circuit Court of Pearl River County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division. In support of this Notice, Defendants state the following:

1. This personal injury suit arises out of a motor vehicle accident which occurred on Interstate 59 North in Pearl River County, Mississippi. Plaintiff filed a Complaint on June 29, 2021 alleging generally that TCI and its employee, Louis Jackson, are both liable for the damages he sustained from said motor vehicle accident. Plaintiff seeks compensatory, general, incidental, consequential, and punitive damages. *See generally*, Complaint, Ex. 1.

2. Defendants now seek to remove the civil action based on diversity jurisdiction from the

Exhibit "1"

Circuit Court of Pearl River County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division, pursuant to 28 U.S.C. § 1441(b)(1). Diversity jurisdiction is present if (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) there is diversity of citizenship between the Plaintiff and Defendants. *See* 28 U.S.C § 1441(b)(1).

3. The amount in controversy requirement is satisfied. Although Plaintiff does not allege a specific amount of damages in his Complaint, Plaintiff does claim injuries that include "lost wages, lost future wages, medical expenses, medical procedures, surgery and physical pain and mental anguish." *See* Complaint, Ex. 1, ¶ 7. Plaintiff further makes unspecified claims for punitive damages for the "willful misconduct, malice, oppression, wantonness and an entire want of care raising the presumption of a conscious indifference to the consequences" on the part of Defendants. Id. at ¶ 19. Plaintiff's "unspecified claim for punitive damages brings the amount in controversy over the requisite jurisdictional threshold set forth in 28 U.S.C. § 1332." *See e.g., Ross v. First Family Financial Services, Inc.,* 2003 WL 31059582 (N.D. Miss. Aug. 29, 2002) (citing *Marcel v. Pool Co.,* 5 F.3d 81, 84-5 (5th Cir. 1993)); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 428-29 (N.D. Miss.1998); *Marley v. Capital One Services, Inc.,* Civil Action No. 2:02CV87-P-A (N.D. Miss. 2002).

4. Complete diversity is also satisfied. As alleged in his Complaint, Plaintiff is a resident of Birmingham, Alabama. *See* Complaint, Ex. 1, ¶ 1. Defendant Transportation Consultants, Inc. d/b/a TCI Trucking is a Louisiana Corporation with its principal place of business in Louisiana. Id. at ¶ 2. Defendant Louis Jackson is a resident of Louisiana. Id. at ¶ 3. Considering no plaintiff or defendant share the same domicile, the diversity requirement is satisfied.

5. Defendants' Notice of Removal is also timely. Removal is timely if the Notice of Removal

is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b). Plaintiff filed his Complaint on June 29, 2021 and TCI was served with process on July 8, 2021.

6. For these reasons, this Court has jurisdiction under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. §§ 1441 and 1446. Additionally, venue is proper in the United States District Court for the Southern District of Mississippi, Southern Division, because this is the district in which a substantial part of the events or omissions giving rise to the claim occurred and it is where Plaintiff chose to file his state court action.

7. Defendants will, after filing this Notice of Removal, give notice to all parties and the Circuit Clerk of Pearl River County, Mississippi, by filing a copy of this Notice of Removal with the Clerk.

8. Finally, under the provisions of 28 U.S.C. § 1446(a) and L.U. Civ. R. 5(a), a copy of the entire record from the Circuit Court of Pearl River County, Mississippi will be provided within fourteen days of this Notice.

Dated: July 13, 2021.

Respectfully Submitted,

**TRANSPORTATION CONSULTANTS, INC.
d/b/a TCI TRUCKING and LOUIS JACKSON**

By:

R. Jarrad Garner (MSB# 99584)
Ray A. Young, Jr. (MSB# 105851)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Office: (601) 353-3234
Fax:    (601) 355-9708
jarrad.garner@arlaw.com
ray.young@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendants, do hereby certify that I have, this day, filed the foregoing document with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record. I further certify that I have caused to be served via electronic mail a copy of the same on counsel for Plaintiff.

Dated:  July 13, 2021.

R. Jarrad Garner

Case: 55CI1:21-cv-00094-AM     Document #: 3     Filed: 06/29/2021     Page 1 of 10

VANCE FITZPATRICK STOKES
CIRCUIT CLERK

**IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI** JUN 29 2021

BY

DEPUTY CLERK

| | |
|---|---|
| **MANUEL HERNANDEZ** | ) |
| *Plaintiff,* | ) |
| | ) |
| **vs.** | ) Civil Action No.: 21-CV-94-Am |
| | ) |
| **TRANSPORTATION CONSULTANTS, INC** | ) |
| **d/b/a TCI TRUCKING; LOUIS JACKSON;** | ) |
| **FICTITIOUS PARTIES "1-11";** | ) |
| | ) |
| *Defendants.* | ) |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with the Mississippi Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include any and all forms of individuals, partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action, the party defendants which the Plaintiff must include by descriptive characterization are as follows: FICTITIOUS DEFENDANT NO. 1: the proper legal designation for Defendant Transportation Consultants, Inc. d/b/a TCI Trucking; FICTITIOUS DEFENDANT NO. 2: the proper legal designation for Defendant Louis Jackson; FICTITIOUS DEFENDANT NO. 3: whether singular or plural being that individual(s), entity or entities who or which owned the defendants' vehicle that is involved in the incident made the basis of this Complaint; FICTITIOUS DEFENDANT NO. 4: whether singular or plural being that individual(s), entity or entities who or which employed Louis Jackson at the time of the incident made the basis of this Complaint; FICTITIOUS DEFENDANT NO. 5: whether singular or plural being that individual(s), entity or entities whose breach of contract or warranty contributed to cause the incident made the basis of this suit; FICTITIOUS DEFENDANT NO. 6: whether singular or plural being that individual(s), entity or entities who or which were the master or principal of the driver of the defendants' vehicle involved in the incident made the basis of this suit; FICTITIOUS DEFENDANT NO. 7: whether singular or plural being that individual(s), entity or entities who or which negligently entrusted the motor vehicle(s) involved in the incident made the basis of this suit to the defendant driver thereof at the time of said incident; FICTITIOUS DEFENDANT NO. 8: whether singular or plural being that individual(s), entity or entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this suit was being operated at the time of said incident; FICTITIOUS DEFENDANT NO. 9: whether singular or plural being that individual(s), entity or entities, other than those entities described above, whose negligence or wantonness of other actionable conduct contributed to cause the incident made the basis of this suit; FICTITIOUS DEFENDANT NO. 10: whether singular or plural being that individual(s), entity or entities who or which is the successor in interest of any of those entities described above; FICTITIOUS DEFENDANT NO. 11: whether



**EXHIBIT**

*A*

singular or plural being that individual(s), entity or entities who or which were the predecessor corporations of any of those entities described above.

## COMPLAINT

COME NOW Plaintiff, Manuel Hernandez, (hereinafter referred to as "Plaintiff"), in the above-styled action, by and through undersigned counsel, and files this Complaint against Defendants Transportation Consultants, Inc. d/b/a TCI Trucking, Louis Jackson and Fictitious Defendants "1 through 11," whether singular or plural, individual or corporation, who are either Mississippi corporations, foreign corporations or other entities that participated in the conduct that led to Plaintiff's injuries, showing this Honorable Court as follows:

### Parties

1.     Plaintiff, Manuel Hernandez, is an adult resident citizen of Birmingham, Alabama.

2.     Defendant, Transportation Consultants, Inc. d/b/a TCI Trucking, is a company located in New Orleans, Louisiana operating commercial vehicles in Pearl River County, Mississippi.

3.     Defendant, Louis Jackson, is an adult resident citizen of New Orleans, Louisiana.

4.     Fictitious Defendants "1 through 11," whether singular or plural, individual or corporation, who are either Mississippi corporations, foreign corporations or other entities that participated in the conduct that led to Plaintiff's injuries.

5.     On July 2, 2019, Defendant Jackson was operating his tractor-trailer on behalf of Transportation Consultants, Inc. d/b/a TCI Trucking travelling on Interstate 59 North in Pearl River County, Mississippi. Defendant Jackson was driving and operating his tractor trailer in a negligent and/or wanton manner under the known conditions of the roadway and traffic conditions. Under conditions of the roadway and circumstances surrounding this particular incident, Defendant Jackson failed to avoid colliding with the vehicle in which Plaintiff, Manuel Hernandez, was operating. Plaintiff further alleges that Defendant Jackson was negligent and/or wanton in operating his vehicle in that he failed to keep a proper lookout for traffic ahead of his vehicle and failed to appreciate the location and/or speed of Plaintiffs' vehicle in traffic. Defendant Jackson's negligence and/or reckless conduct caused his tractor-trailer to strike the rear of Plaintiff's vehicle.

6.     Plaintiff avers that defendant, Transportation Consultants, Inc. d/b/a TCI Trucking, is liable for the negligent, wanton and/or illegal conduct of their agent, Louis Jackson, under the theory of respondeat superior. Plaintiff further avers that Defendant Transportation Consultants, Inc. d/b/a TCI Trucking, is liable as a result of its negligent hiring, negligent training, negligent retention, negligent supervision and negligent entrustment of its truck to its agent, Defendant Jackson. Furthermore, Plaintiff avers that Defendants, named and fictitious, negligently, wantonly and/or recklessly caused or contributed to cause the collision injuring Plaintiff.

7.     The force of the impact between Plaintiff and Defendants' vehicles caused injuries and harm to Plaintiff. These injuries include lost wages, lost future wages, medical expenses, medical procedures, surgery and physical pain and mental anguish.

8.     Defendant Jackson's negligent and/or wanton conduct includes, but is not limited to, one or more of the following: negligently and/or wantonly failing to maintain his vehicle under proper control; negligently and/or wantonly failing to keep a proper lookout; negligently and/or wantonly failing to avoid colliding with the Plaintiff's vehicle; and any other acts of negligence that may be proven at trial.

9.     Defendant Jackson failed to operate his tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

10.     At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

11.     Defendants' actions constituted negligence, wantonness and recklessness in operating their tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

12.     Defendants' actions constitute negligence, wantonness and recklessness by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

13.     Defendants, known and fictitious, were negligent and/or wanton for all other acts of negligence as may be shown at trial.

14.     Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence and wantonness of the Defendants.

15.     But for the negligence and/or wantonness of Defendants, Plaintiffs would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as proven at the trial of this matter.

16.     As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

17.     As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor, in an amount to be proven at trial.

18.     That each of the forgoing acts and omissions constitute an independent act of negligence and/or wantonness on the part of Defendants, known and fictitious, and one or more or all of the above stated acts were the proximate causes of the injuries to Plaintiff.  The

Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Mississippi.

19.    The Defendants, known and fictitious, acted with willful misconduct, malice, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages, without limitation or cap, from each of the Defendants, in accordance with the enlightened conscience of an impartial jury.

20.    Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Mississippi law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against these defendants, jointly and severally, for that amount of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

ERIK S. HENINGER (100951)
Attorney for Plaintiff

*Of Counsel:*
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
Telephone: (205)326-3336
Facsimile: (205)380-8080
Email: erik@hgdlawfirm.com

**JURY DEMAND**

Plaintiff hereby demands trial by struck jury on all issues raised herein.

ERIK S. HENINGER
Attorney for Plaintiff

Transportation Consultants, Inc. d/b/a TCI Trucking
c/o Cogency Global, Inc.; Registered Agent
9800 Airline Highway; Ste. 105
Baton Rouge, LA 70816

Louis Jackson
24 Morrison Court
New Orleans, LA 70127

JS 44 * (Rev. 04/21)

**CIVIL COVER SHEET**

Case 5:21-cv-00094-AM Document 1-1 Filed 07/13/2021 T:21cv238HSO-JCG Pages 1 of 6

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Manuel Hernandez

**(b)** County of Residence of First Listed Plaintiff   Birmingham, AL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Erik S. Heninger, Heninger Garrison Davis, LLC, P.O. Box 11310, Birmingham, AL 35202; 205-326-3336

## DEFENDANTS

Transportation Consultants, Inc. d/b/a TCI Trucking: Louis Jackson; Ficticious Parties 1-11

County of Residence of First Listed Defendant   New Orleans, LA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jarrad Garner, Adams & Reese LLP, 1018 Highland Colony Parkway, Suite 800, Ridgeland, MS 39157 601-353-3234

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
7.13.21

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #   #4605950   AMOUNT   $402.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CIRCUIT CLERK
I CERTIFY THIS IS A TRUE AND CORRECT COPY
THE ORIGINAL ON FILE IN THIS OFFICE

By: _____ Deputy Clerk