## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21cv238-HSO-JCG |
| TRANSPORTATION CONSULTANTS, INC d/b/a TCI TRUCKING; LOUIS JACKSON; FICTITIOUS PARTIES "1-11". | ) |
| *Defendants* | ) |

## ANSWER, DEFENSES AND COUNTERCLAIM OF TRANSPORTATION CONSULTANTS, INC. d/b/a TCI TRUCKING

**COMES NOW** Defendant Transportation Consultants, Inc. d/b/a TCI Trucking ("TCI"), through counsel and pursuant to the Federal Rules of Civil Procedure, and files this Answer, Defenses and Counterclaim to Plaintiff's Complaint, and would show in support the following:

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

2. Plaintiff may have failed to join indispensable parties in order to fully and properly adjudicate the present matter, as set forth by Fed. R. Civ. P 12(b)(7) and 19.

3. Plaintiff's Complaint may be barred under the doctrines of accord and satisfaction, assumption of the risk, estoppel, laches, waiver, release, payment, election of remedies, and/or any and all applicable statute(s) of limitation or statute(s) of repose.

4. If Plaintiff was injured and/or damaged, those injuries and/or damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or omissions of Plaintiff, or other persons, entities, forces, or things over which TCI had no control and/or for which TCI is not responsible. As to all such persons, including those not named as parties to this litigation, TCI pleads the apportionment and other provisions of Miss. Code Ann. § 11-7-15 and Miss. Code Ann. § 85-5-7.

5. Plaintiff was comparatively and/or contributorily negligent, and Plaintiff's recovery and TCI's liability, which is denied, should therefore be barred and/or diminished in proportion to the comparative and/or contributory negligence attributable to Plaintiff.

6. Plaintiff had, and continues to have, a duty to mitigate his damages and/or injuries, if any, and TCI is not liable to Plaintiff for any damages and/or injuries caused or contributed to by Plaintiff's failure to mitigate.

7. Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which TCI had no control and is thus not liable.

8. Plaintiff's damages and/or injuries, if any, were exacerbated by or are the consequence of pre-existing physical, medical, and/or mental conditions.

9. To the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and/or damages with any party or any non-party, then TCI is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

10. TCI committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff, if any; TCI breached no legal duty owing to

Plaintiff, if any; TCI caused Plaintiff to sustain no damages and/or injuries whatsoever; and TCI demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

11. Plaintiff's damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

12. Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by TCI.

13. Plaintiff had the last clear chance to avoid the accident that is the subject of this action, and therefore Plaintiff's Complaint should be dismissed with prejudice.

14. TCI did not do, nor fail to do, anything that caused or contributed to the alleged injuries and/or damages set forth in Plaintiff's Complaint.

15. TCI denies all allegations of Plaintiff's Complaint that have not been expressly admitted herein.

16. TCI hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, including those defenses set forth in Fed. R. Civ. P. 12(b), and hereby reserves its right to amend this Answer to assert any such defense. TCI also reserves its right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State other than the State of Mississippi.

17. Plaintiff has failed to state any cause of action against TCI that would entitle him to recover punitive damages and with respect to punitive damages, specifically pleads as follows:

    a. TCI denies that Plaintiff is entitled to any recovery of punitive damages whatsoever against it; in the alternative, TCI pleads all rights, remedies and affirmative defenses available pursuant to Miss. Code Ann. § 11-1-65.

    b. An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of

the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

c. An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

d. Any award of punitive damages against TCI would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

e. Any award of punitive damages that is not based on the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate TCI's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

18. TCI and its agents acting within the course and scope of their employment (if any) would show that they exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

19. TCI pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiff's Complaint.

## Answer

And now, having set forth its affirmative defenses and without waiving any other affirmative or other defenses whatsoever, TCI answers Plaintiff's Complaint, paragraph by paragraph, as follows:

As to the unnumbered introductory paragraph which begins with the words "There may be," this paragraph does not appear to require a response from TCI. To the extent that this paragraph contains allegations against TCI, those allegations are denied.

## COMPLAINT[1]

As to the unnumbered paragraph below this heading which begins with the words "COME NOW," this paragraph does not appear to require a response from TCI. To the extent that this paragraph contains allegations against TCI, those allegations are denied.

### Parties

1. Upon information and belief, the allegations contained in paragraph 1 of Plaintiff's Complaint are admitted.

2. Without admitting any liability whatsoever in the premises, the allegations contained in paragraph 2 of Plaintiff's Complaint are admitted.

3. Upon information and belief, the allegations contained in paragraph 3 of Plaintiff's Complaint are admitted.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint do not appear to require a response from TCI. To the extent that this paragraph contains allegations against TCI, those allegations are denied.

5. TCI specifically and only admits that on July 2, 2019, Louis Jackson was operating a tractor-trailer on Interstate 59 North in Pearl River County, Mississippi pursuant to a sublease agreement between TCI and Jackson. The remaining allegations contained in paragraph 5 of Plaintiff's Complaint are

---

[1] The headings utilized in this Answer are the same as in the Complaint and used simply for organizational purposes. To the extent the headings in the Complaint constitute allegations, such allegations are hereby denied.

denied, specifically denying any liability or other actionable conduct on the part of TCI.

6. TCI denies the allegations contained in paragraph 6 of Plaintiff's Complaint as stated, specifically denying any liability or other actionable conduct on the part of TCI.

7. TCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, therefore same are denied. TCI does, however, specifically deny any liability or other actionable conduct on the part of TCI.

8. TCI denies the allegations contained in paragraph 8 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

9. TCI denies the allegations contained in paragraph 9 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

10. TCI denies the allegations contained in paragraph 10 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

11. TCI denies the allegations contained in paragraph 11 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

12. TCI denies the allegations contained in paragraph 12 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

13. TCI denies the allegations contained in paragraph 13 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

14. TCI denies the allegations contained in paragraph 14 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

15. TCI denies the allegations contained in paragraph 15 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

16. TCI denies the allegations contained in paragraph 16 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

17. TCI denies the allegations contained in paragraph 17 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

18. TCI denies the allegations contained in paragraph 18 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

19. TCI denies the allegations contained in paragraph 19 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

20. TCI denies the allegations contained in paragraph 20 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of TCI.

TCI further denies all allegations contained in the unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE, PREMISES CONSIDERED," specifically denying any and all implications of negligence and/or other actionable conduct on its part, specifically denying that Plaintiff is entitled to the recovery of any relief whatsoever against and/or from TCI, and demanding strict proof thereof.

## **COUNTERCLAIM**

AND NOW, having fully answered the Complaint filed against it, Defendant/Counter-Plaintiff TCI files this Counterclaim against Plaintiff/Counter-Defendant Manuel Hernandez as follows:

## A. INTRODUCTION

1.      This is a Counterclaim for negligence and for the recovery of monetary damages brought by Defendant/Counter-Plaintiff TCI against Plaintiff/Counter-Defendant Manuel Hernandez for negligently failing to operate a motor vehicle, negligently failing to abide by the rules of the road, negligently failing to operate a utility trailer, and other acts of negligence. The negligent acts, conduct, errors and/or omissions of Plaintiff/Counter-Defendant Manuel Hernandez were a direct and proximate cause of monetary damages sustained by Defendant/Counter-Plaintiff TCI and for which Plaintiff/Counter-Defendant Manuel Hernandez is liable.

## B. PARTIES

2.      Upon information and belief, Plaintiff/Counter-Defendant Manuel Hernandez ("Hernandez") is an adult resident citizen of Birmingham, Alabama. Hernandez may be served with this Counterclaim by and through his attorney pursuant to Federal Rule of Civil Procedure 5(b)(1).

3.      Defendant/Counter-Plaintiff TCI ("TCI") is a foreign corporation registered to do business in the State of Mississippi with the Mississippi Secretary of State and is in good standing therewith, having its principal place of business located in the State of Louisiana.

## C. FACTS GIVING RISE TO CAUSES OF ACTION

4.      Or about July 2, 2019, Defendant Louis Jackson ("Jackson") was lawfully and safely operating a tractor-trailer owned by TCI, pursuant to a sublease agreement between TCI and Jackson. Jackson was travelling in a northbound direction along Interstate 59 in Pearl River County, Mississippi.

5. Simultaneously, Hernandez was also operating a vehicle in a northbound direction along Interstate 59 in Pearl River County, Mississippi.

6. Hernandez was hauling a utility trailer behind his vehicle at the time. This utility trailer did not have working tail lights, either blinker or brake, or Hernandez had failed to properly connect them to his vehicle. The vehicle operated by Jackson (and owned by TCI) was following at a safe distance behind Hernandez when Hernandez abruptly braked to either stop, make a turn, or was traveling at an unsafely or recklessly slow rate of speed under the circumstances then and there. However, because Hernandez's utility trailer did not have operational and working tail lights, either blinker or brake, this impeded or outright prevented Jackson from seeing either Hernandez's vehicle or trailer. As a result, Jackson's vehicle collided with the rear of the utility trailer being pulled behind Hernandez's vehicle. Hernandez's failure to have working tail lights on his utility trailer and/or his failure to properly connect said tail lights to his vehicle, was the sole and proximate cause of the subject collision.

### D. CAUSES OF ACTION

7. Hernandez's operation of his vehicle and/or failure to have working tail lights on the utility trailer he was pulling behind his vehicle was negligent, careless and reckless, and his conduct and actions were the direct and proximate cause of the subject collision.

8. Hernandez was negligent in his operation of his vehicle and utility trailer, at the time and place heretofore stated in the following manners, including but not limited to:

    a. By failing to maintain and keep the vehicle and utility trailer he was operating under reasonably free and easy control;
    b. By failing to take necessary and reasonable actions to avoid a collision with the tractor-trailer owned by TCI, resulting in the collision of his vehicle and utility trailer and the TCI tractor-trailer.
    c. By failing to observe the standard of care as required by law and violating the "Rules of the Road";

d. By failing to exercise reasonable and ordinary care under the circumstances existing at the time;
e. By failing to keep and maintain a proper and careful lookout;
f. By operating his vehicle and utility trailer in a dangerous and unsafe manner;
g. By operating his vehicle at an unsafely slow rate of speed given the circumstances then and therewith; and
h. By failing to have operational or working tail lights on his utility trailer.

9. As a direct and proximate result of the aforesaid negligence of Hernandez, the tractor-trailer owned by TCI and lawfully and safely operated by Jackson sustained severe and extensive damages. Said damages caused TCI to incur financial losses in the amount of $73,130.23 by reason of the total loss to its tractor-trailer.

### E. **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff TCI brings this Counterclaim against Plaintiff/Counter-Defendant Manuel Hernandez, and that upon a trial thereof, asks for judgment against Plaintiff/Counter-Defendant Manuel Hernandez for actual and compensatory damages, together with prejudgment and post-judgment interests and costs of Court.

Dated: July 28, 2021.

Respectfully submitted,

**TRANSPORTATION CONSULTANTS, INC. d/b/a TCI TRUCKING**

By: *s/ R. Jarrad Garner*
R. Jarrad Garner (MSB# 99584)
Ray A. Young, Jr. (MSB# 105851)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Office: (601) 353-3234
Fax: (601) 355-9708
jarrad.garner@arlaw.com
ray.young@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendant TCI do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the ECF filing system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: July 28, 2021.

*/s/ R. Jarrad Garner*
R. Jarrad Garner