IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ )<br>)<br>   *Plaintiff* )<br>)<br>v. )<br>)<br>TRANSPORTATION CONSULTANTS, INC )<br>d/b/a TCI TRUCKING; LOUIS JACKSON; )<br>FICTITIOUS PARTIES "1-11". )<br>)<br>   *Defendants* ) | Civil Action No. 1:21cv238-HSO-JCG |

### ANSWER AND DEFENSES OF LOUIS JACKSON

**COMES NOW** Defendant Louis Jackson ("Jackson"), through counsel and pursuant to the Federal Rules of Civil Procedure, and files this Answer and Defenses, and would show in support the following:

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

2. Plaintiff may have failed to join indispensable parties in order to fully and properly adjudicate the present matter, as set forth by Fed. R. Civ. P 12(b)(7) and 19.

3. Plaintiff's Complaint may be barred under the doctrines of accord and satisfaction, assumption of the risk, estoppel, laches, waiver, release, payment, election of remedies, and/or any and all applicable statute(s) of limitation or statute(s) of repose.

4. If Plaintiff was injured and/or damaged, those injuries and/or damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or

omissions of Plaintiff, or other persons, entities, forces, or things over which Jackson had no control and/or for which Jackson is not responsible. As to all such persons, including those not named as parties to this litigation, Jackson pleads the apportionment and other provisions of Miss. Code Ann. § 11-7-15 and Miss. Code Ann. § 85-5-7.

5. Plaintiff was comparatively and/or contributorily negligent, and Plaintiff's recovery and Jackson's liability, which is denied, should therefore be barred and/or diminished in proportion to the comparative and/or contributory negligence attributable to Plaintiff.

6. Plaintiff had, and continues to have, a duty to mitigate his damages and/or injuries, if any, and Jackson is not liable to Plaintiff for any damages and/or injuries caused or contributed to by Plaintiff's failure to mitigate.

7. Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which Jackson had no control and is thus not liable.

8. Plaintiff's damages and/or injuries, if any, were exacerbated by or are the consequence of pre-existing physical, medical, and/or mental conditions.

9. To the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and/or damages with any party or any non-party, then Jackson is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

10. Jackson committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff, if any; Jackson breached no legal duty owing to Plaintiff, if any; Jackson caused Plaintiff to sustain no damages and/or injuries whatsoever; and Jackson demands that the suit filed against him be dismissed with all costs taxed to Plaintiff.

11. Plaintiff's damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

12. Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by Jackson.

13. Plaintiff had the last clear chance to avoid the accident that is the subject of this action, and therefore Plaintiff's Complaint should be dismissed with prejudice.

14. Jackson did not do, nor fail to do, anything that caused or contributed to the alleged injuries and/or damages set forth in Plaintiff's Complaint.

15. Jackson denies all allegations of Plaintiff's Complaint that have not been expressly admitted herein.

16. Jackson hereby gives notice that he intends to rely upon any other defense that may become available or appear during the proceedings in this case, including those defenses set forth in Fed. R. Civ. P. 12(b), and hereby reserves his right to amend this Answer to assert any such defense. Jackson also reserves his right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State other than the State of Mississippi.

17. Plaintiff has failed to state any cause of action against Jackson that would entitle him to recover punitive damages and with respect to punitive damages, specifically pleads as follows:

    a. Jackson denies that Plaintiff is entitled to any recovery of punitive damages whatsoever against him; in the alternative, Jackson pleads all rights, remedies and affirmative defenses available pursuant to Miss. Code Ann. § 11-1-65.

    b. An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Mississippi Constitution,

   along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

 c. An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

 d. Any award of punitive damages against Jackson would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

 e. Any award of punitive damages that is not based on the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and its progeny, including *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate Jackson's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

18. Jackson would show that he exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

19. Jackson pleads the protections afforded to him under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiff's Complaint.

## Answer

And now, having set forth his affirmative defenses and without waiving any other affirmative or other defenses whatsoever, Jackson answers Plaintiff's Complaint, paragraph by paragraph, as follows:

As to the unnumbered introductory paragraph which begins with the words "There may be," this paragraph does not appear to require a response from Jackson. To the extent that this paragraph contains allegations against Jackson, those allegations are denied.

## **COMPLAINT**[1]

As to the unnumbered paragraph below this heading which begins with the words "COME NOW," this paragraph does not appear to require a response from Jackson. To the extent that this paragraph contains allegations against Jackson, those allegations are denied.

## **Parties**

1. Upon information and belief, the allegations contained in paragraph 1 of Plaintiff's Complaint are admitted.

2. Without admitting any liability whatsoever in the premises, the allegations contained in paragraph 2 of Plaintiff's Complaint are admitted.

3. Without admitting any liability whatsoever in the premises, the allegations contained in paragraph 3 of Plaintiff's Complaint are admitted.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint do not appear to require a response from Jackson. To the extent that this paragraph contains allegations against Jackson, those allegations are denied.

5. Jackson specifically and only admits that on July 2, 2019, he was operating a tractor-trailer on Interstate 59 North in Pearl River County, Mississippi pursuant to a sublease agreement between TCI and Jackson. The remaining allegations contained in paragraph 5 of Plaintiff's Complaint are denied, specifically denying any liability or other actionable conduct on the part of Jackson.

6. Jackson denies the allegations contained in paragraph 6 of Plaintiff's Complaint as stated, specifically denying any liability or other actionable conduct on the part of Jackson.

---

[1] The headings utilized in this Answer are the same as in the Complaint and used simply for organizational purposes. To the extent the headings in the Complaint constitute allegations, such allegations are hereby denied.

7. Jackson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, therefore same are denied. Jackson does, however, specifically deny any liability or other actionable conduct on his part.

8. Jackson denies the allegations contained in paragraph 8 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

9. Jackson denies the allegations contained in paragraph 9 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

10. Jackson denies the allegations contained in paragraph 10 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

11. Jackson denies the allegations contained in paragraph 11 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

12. Jackson denies the allegations contained in paragraph 12 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

13. Jackson denies the allegations contained in paragraph 13 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

14. Jackson denies the allegations contained in paragraph 14 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

15. Jackson denies the allegations contained in paragraph 15 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

16. Jackson denies the allegations contained in paragraph 16 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

17. Jackson denies the allegations contained in paragraph 17 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

18. Jackson denies the allegations contained in paragraph 18 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

19. Jackson denies the allegations contained in paragraph 19 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

20. Jackson denies the allegations contained in paragraph 20 of Plaintiff's Complaint, specifically denying any liability or other actionable conduct on the part of Jackson.

Jackson further denies all allegations contained in the unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE, PREMISES CONSIDERED," specifically

denying any and all implications of negligence and/or other actionable conduct on his part, specifically denying that Plaintiff is entitled to the recovery of any relief whatsoever against and/or from Jackson, and demanding strict proof thereof.

Dated: August 5, 2021.

Respectfully submitted,

**LOUIS JACKSON**

By: *s/ R. Jarrad Garner*
R. Jarrad Garner (MSB# 99584)
Ray A. Young, Jr. (MSB# 105851)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Office: (601) 353-3234
Fax:    (601) 355-9708
jarrad.garner@arlaw.com
ray.young@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendant Jackson do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the ECF filing system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: August 5, 2021.

*/s/ R. Jarrad Garner*
R. Jarrad Garner