IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:21-cv-238-HSO-JCG |
| TRANSPORTATION CONSULTANTS, INC.<br>d/b/a TCI TRUCKING; LOUIS JACKSON; AND<br>FICTITIOUS PARTIES "1-11" | DEFENDANTS |
| AND | |
| TRANSPORTATION CONSULTANTS, INC.<br>d/b/a TCI TRUCKING | COUNTER-PLAINTIFF |
| VS. | |
| MANUEL HERNANDEZ | COUNTER-DEFENDANT |

**ANSWER AND DEFENSES OF COUNTER-DEFENDANT MANUEL HERNANDEZ**

COMES NOW, the Counter-Defendant, Manuel Hernandez (hereinafter "Mr. Hernandez" or "Counter-Defendant"), by and through counsel, and responds to the allegations contained in the Counterclaim filed against him by the Counter-Plaintiff, Transportation Consultants, Inc. d/b/a TCI Trucking (hereinafter "TCI" or "Counter-Plaintiff") in the above-styled cause of action as follows:

**FIRST DEFENSE**

The allegations contained in Counter-Plaintiff's Counterclaim fail to state a claim upon which relief may be granted against the Counter-Defendant. Accordingly, the Counter-Defendant moves this Honorable Court for a dismissal with prejudice of the Counter-Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

The Counter-Defendant committed no act which proximately caused or contributed to any damages sustained by Counter-Plaintiff, breached no legal duty owing to the Counter-Plaintiff, caused the Counter-Plaintiff to sustain no damages whatsoever, and demands that the Counterclaim filed against him be dismissed, with all costs taxed to the Counter-Plaintiff.

**THIRD DEFENSE**

Subject to further investigation and/or discovery, the alleged injuries and damages complained of resulted from conditions, or from events or other acts or omissions of persons or entities, other than the Counter-Defendant. Alternatively, said conditions, events, or acts or omissions of persons or entities other than this Counter-Defendant constitute an independent, superseding cause of the injuries and damages complained of herein; hence the Counter-Plaintiff ought not to recover.

**FOURTH DEFENSE**

The Counter-Defendant hereby evokes every other good faith defense available to him pursuant to Rule 12(b)(1)-(7) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

The Counter-Defendant alleges that the Counter-Plaintiff has failed to act by reasonably mitigating the losses and damages alleged in this action.

**SIXTH DEFENSE**

The Counter-Defendant is entitled to a set-off and credit for any and all sums paid to or on behalf of the Counter-Plaintiff, by any other party or collateral source as a result of or related to this lawsuit.

## SEVENTH DEFENSE

## ANSWER

The Counter-Defendant generally denies all of the averments contained in the Counter-Plaintiff's Counterclaim and each paragraph and sub-paragraph thereof, except such designated averments, paragraphs or sub-paragraphs as are expressly set forth to the contrary more fully herein below pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

AND NOW, the Counter-Defendant, Mr. Hernandez, without waiving any of the above-referenced defenses, responds to each and every numbered paragraph in Counter-Plaintiff's Counterclaim as follows:

1. The allegations contained in Paragraph 1 of the Counterclaim are denied.

2. The allegations contained in Paragraph 2 of the Counterclaim are admitted.

3. Upon information and belief, the allegations contained in Paragraph 3 of the Counterclaim are admitted.

4. In response to the allegations contained in Paragraph 4 of the Counterclaim, the Counter-Defendant admits that Defendant Louis Jackson was operating a tractor-trailer owned by TCI while traveling on Interstate 59 North in Pearl River County, Mississippi, on July 2, 2019. All remaining allegations contained in Paragraph 4 are denied as stated.

5. The allegations contained in Paragraph 5 of the Counterclaim are admitted.

6. In response to the allegations contained in Paragraph 6 of the Counterclaim, the Counter-Defendant admits that a utility trailer was attached to his vehicle at the time of the subject collision. The Counter-Defendant admits that Defendant Louis Jackson collided with the rear of the utility trailer. All remaining allegations contained in Paragraph 6 are denied as stated.

7. The allegations contained in Paragraph 7 of the Counterclaim are denied.

8. The allegations contained in Paragraph 8, including subparagraphs a, b, c, d, e, f, g, and h, of the Counterclaim are denied as stated.

9. The allegations contained in Paragraph 9 of the Complaint are denied. The Counter-Defendant denies all claims of negligence whatsoever and demands strict proof of Counter-Plaintiff's alleged damages.

The paragraph beginning, "WHEREFORE," appears to be a prayer for relief which requires no response; however, out of an abundance of caution, all averments within this prayer are denied, and further, it is more specifically denied that the Counter-Plaintiff is entitled to actual or compensatory damages, pre- or post-judgment interest, costs, or any other damages or relief sought within the Complaint whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, the Counter-Defendant would show the Court the following:

**FIRST AFFIRMATIVE DEFENSE**

The Counter-Defendant affirmatively pleads Mississippi Code Ann. § 11-7-15 and would aver that the acts and/or omissions of the Counter-Plaintiff and Defendant Louis Jackson caused, in whole or in part, the alleged damages and that a recovery, if any, by the Counter-Plaintiff must be reduced in accordance with their own proportionate share of fault.

**SECOND AFFIRMATIVE DEFENSE**

The facts not having been fully developed, the Counter-Defendant affirmatively pleads the following defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and reserves the right to defend upon said defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, validity of a judgment, and any other matter constituting an

avoidance or affirmative defense.

### THIRD AFFIRMATIVE DEFENSE

The accident and the alleged damages complained of by the Counter-Plaintiff resulted solely and proximately from events, conduct and conditions outside the control and responsibility of the Counter-Defendant and for which he cannot be held liable.

### FOURTH AFFIRMATIVE DEFENSE

If Counter-Plaintiff suffered any damages, as alleged, the same resulted from independent, efficient, intervening causes which superseded any alleged legal wrong of this Counter-Defendant and constitute the only proximate or legal causes for the injuries and damages alleged by Counter-Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Counter-Defendant did not breach any applicable duty owed to the Counter-Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

In the event that subsequent investigation reveals that the Counter-Plaintiff's damages, if any, are the result of an intervening act and/or event occurring subsequent to the collision, which was the sole proximate and/or substantially contributing cause of the Counter-Plaintiff's damages, then the Counter-Defendant reserves the right to defend on that basis.

### SEVENTH AFFIRMATIVE DEFENSE

The Counter-Defendant denies each and every material allegation contained in the Complaint by which the Counter-Plaintiff seeks to impose liability.

### EIGHTH AFFIRMATIVE DEFENSE

The Counter-Defendant affirmatively pleads any and all other defenses and affirmative defenses available to him which may become applicable through discovery and during trial.

## NINTH AFFIRMATIVE DEFENSE

While denying any liability, the Counter-Defendant affirmatively pleads Section 85-5-7 of the Mississippi Code Annotated, reserving the right to assert all claims that he may have for contribution among joint tortfeasors, apportionment of fault, and other safeguards contained therein, and/or set-off of any amount paid in settlement or reimbursement by any other person or entity.

## JURY DEMAND

The Counter-Defendant affirmatively requests a trial by jury.

## RESERVATION OF DEFENSES

The Counter-Defendant is without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter. However, contingent on the facts revealed by investigation and discovery, the Counter-Defendant expressly reserves the right to raise any additional affirmative defenses which may be applicable.

WHEREFORE, PREMISES CONSIDERED, the Counter-Defendant, Manuel Hernandez, prays that the Court will dismiss the Counter-Plaintiff's Counterclaim with prejudice, and further prays for such other relief, both general and specific, to which he is entitled in the premises.

RESPECTFULLY SUBMITTED, this the 5th day of September 2021.

        **MANUEL HERNANDEZ,**
        **COUNTER-DEFENDANT**

BY:    STOVALL LAW FIRM, PLLC

BY:    */s/ David E. Stovall*
          DAVID E. STOVALL (MSB #102706)

OF COUNSEL:

STOVALL LAW FIRM, PLLC
3627 US-80 E., Ste. E, Pearl, MS 39208
P.O. Box 2187, Brandon, MS 39043
Phone:   601.707.8700
Fax:     601.385.3701
David@StovallLawFirm.com
*Counsel for Counter-Defendant Manuel Hernandez*

## **CERTIFICATE OF SERVICE**

I, David E. Stovall, attorney for Counter-Defendant, Manuel Hernandez, do hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Honorable Erik S. Heninger
>Heninger Garrison Davis, LLC
>Post Office Box 11310
>Birmingham, Alabama 35202
>Erik@hgdlawfirm.com
> *Counsel for Plaintiff Manuel Hernandez*
>
>Honorable R. Jarrad Garner
>Honorable Ray A. Young, Jr.
>Adams and Reese, LLP
>1018 Highland Colony Parkway, Suite 800
>Ridgeland, Mississippi 39157
>Jarrad.Garner@arlaw.com
>Ray.Young@arlaw.com
>  *Counsel for Defendant Louis Jackson and*
>  *Defendant/Counter-Plaintiff Transportation*
>  *Consultants, Inc. d/b/a TCI Trucking*

SO CERTIFIED, this the 5th day of September 2021.

>*/s/ David E. Stovall*
>DAVID E. STOVALL